UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN BARTLEY,

    Petitioner,

v.                                                                          Case No. 2:15-CV-205
                                                                          HON. GORDON J. QUIST
DUNCAN MACLAREN,

    Respondent.
_____/

## MEMORANDUM OPINION AND ORDER

This is a habeas corpus petition brought by a state prisoner pursuant to 28 U.S.C. § 2254. The matter was referred to Magistrate Judge Timothy P. Greeley, who issued a Report and Recommendation ("R&R") on July 3, 2017, recommending that this Court deny the petition. (ECF No. 20.) The matter is before the Court on Petitioner's objection to the R&R. (ECF No. 22.)

This Court is required to make a de novo review upon the record of those portions of the R & R to which specific objections have been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "In general, 'the failure to file specific objections to a magistrate's report constitutes a waiver of those objections.'" *Carter v. Mitchell*, 829 F.3d 455, 472 (6th Cir. 2016), *cert. denied sub nom. Carter v. Jenkins*, 137 S. Ct. 637 (2017)

(quoting *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004)). Failure to object also waives the party's right to appeal an issue. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005).

Petitioner objects to the R & R on a number of grounds. First,

> Petitioner generally objects to the magistrate's conclusion that his decision to waive counsel and represent himself was made knowingly, voluntarily, and intelligently. He, therefore, reasserts that his waiver of counsel was invalid and asks this court to review this issue de novo. In addition, Petitioner specifically objects to the magistrate's conclusion that he made his choice to proceed pro se with his "eyes wide open" for the reasons asserted in his brief on appeal to the Michigan Court of Appeals and his federal habeas petition.

(ECF No. 22 at PageID.1950.) Second, "Petitioner generally objects to the magistrate's conclusion that his right to an unbiased jury was not violated. He, therefore, asks this court to review this issue de novo." (*Id.* at PageID.1950.) Third, "Petitioner objects to the magistrate's conclusion and reasserts that he was denied a right to a fair trial because of the trial court's denial of his newly retained attorney's motion for adjournment." (*Id*. at PageID.1951.) Fourth, "Petitioner objects to the magistrate's conclusion and reasserts that he was denied his right to be resentenced on accurate information." (*Id*. at PageID.1952.)

All of these objections fail to meet the specificity requirement. Petitioner fails to specify any flaw in the R & R's reasoning and even goes so far as to characterizes most of his objections as "general." His objections are thus waived.

The Court must determine whether a certificate of appealability should be granted. 28 U.S.C. § 2253(c)(2). A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. Each issue

must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484. "A petitioner satisfies this standard by demonstrating that...jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id*.

After examining Petitioner's claims under the standard in *Slack*, reasonable jurists would not conclude the Court's assessment of each of Petitioner's claims to be debatable or wrong.

Therefore,

**IT IS HEREBY ORDERED** that Petitioner's objections (ECF No. 22) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 20.) is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition (ECF No. 1) is **DENIED**

This case is concluded.

A separate judgment will enter.


Dated: August 10, 2017 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE